UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMON MARCELL ROGERS, ) | 1:09-CV-00111 GSA HC |
| ) | |
| Petitioner, ) | ORDER DISMISSING PETITION WITH |
| ) | LEAVE TO FILE AMENDED PETITION |
| v. ) | |
| ) | ORDER DIRECTING CLERK OF COURT |
| ) | TO SEND PETITIONER BLANK PETITION |
| ANTHONY HEDGPETH, Warden, ) | FOR WRIT OF HABEAS CORPUS |
| ) | |
| Respondent. ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has returned his consent/decline form indicating consent to the jurisdiction of the Magistrate Judge.

On January 13, 2009, Petitioner filed the instant petition. He is challenging a 2006 conviction in Fresno County Superior Court, Hon. Gregory T. Fain presiding, for robbery and a gun use enhancement.

**DISCUSSION**

A. Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

If it plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B. Failure to State a Discernable Claim

Petitioner must state his claim with sufficient specificity. See Hendricks v. Vasquez 908 F.2d at 491-92; Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir.1979). Rule 2(c) of the Rules Governing Section 2254 Cases (emphasis added) states:

> The petition must:
> (1) specify all the grounds for relief available to the petitioner;
> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The instant petition is wholly deficient. Petitioner does not specify his grounds for relief or the facts supporting his grounds. Rather, the petition appears to be one long narrative interspersed with copies of cases and selections from his state court record, all of which he has annotated with underlining, circling, arrows, and comments written in every which way in the margins. In addition, much of the petition is illegible. The petition fails to comport with Rule 2 and must be dismissed.

Petitioner will be given an opportunity to file an amended petition to cure the deficiencies. Petitioner is advised that failure to file a petition in compliance with this order (i.e., a completely legible petition with cognizable federal claims clearly stated, and with facts supporting each ground for relief) within the allotted time will result in dismissal and termination of the case. Petitioner is advised that the amended petition should be titled "First Amended Petition" and must reference the instant case number.

///

///

**ORDER**

Accordingly, the petition for writ of habeas corpus is hereby DISMISSED. Petitioner is GRANTED thirty (30) days from the date of service of this order to file an amended petition in compliance with this order. The Clerk of Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2254.

IT IS SO ORDERED.

Dated: **March 18, 2009**        **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE