# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMON MARCELL ROGERS,<br><br>           Petitioner,<br><br>     v.<br><br>ANTHONY HEDGPETH, Warden,<br><br>           Respondent. | 1:09-CV-00111 GSA HC<br><br>ORDER DISMISSING PETITION WITHOUT PREJUDICE<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has returned his consent/decline form indicating consent to the jurisdiction of the Magistrate Judge.

      On January 13, 2009, Petitioner filed his federal petition. He challenges a 2006 conviction in Fresno County Superior Court, Hon. Gregory T. Fain presiding, for robbery and gun use enhancements. The Court reviewed the petition and dismissed it on March 18, 2009, with leave to file an amended petition. On April 27, 2009, Petitioner filed an amended petition. On April 30, 2009, the Court reviewed the first amended petition and determined that it appeared Petitioner had failed to exhaust his state remedies. Accordingly, Petitioner was ordered to show cause why the petition should not be dismissed. He was directed to do so within thirty (30) days; he has failed to do so. Petitioner was warned that failure to respond to the order to show cause would result in dismissal of

the petition. Inasmuch as Petitioner has failed to demonstrate exhaustion of his state remedies, the petition must be dismissed. 28 U.S.C. § 2254(b)(1).

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>     (B) the final order in a proceeding under section 2255.
>
>   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>   (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial

showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED without prejudice;

2. The Clerk of the Court is DIRECTED to enter judgment and close the case; and

3. The Court DECLINES to issue a certificate of appealability.


IT IS SO ORDERED.

Dated:   **June 8, 2009**           **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE